***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL MURPHY, | : | |
| Petitioner, | : | Civil Action No. 12-3188 (MAS) |
| v. | : | **OPINION** |
| CHRISTOPHER HOLMES, et al., | : | |
| Respondents. | : | |

**SHIPP, District Judge:**

Petitioner Michael Murphy ("Petitioner"), confined at Northern State Prison in Newark, New Jersey, files the instant Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254, challenging a sentence imposed by the State of New Jersey for aggravated manslaughter and related offenses. For the reasons stated below, the Court denies the Petition as time-barred.

**I.      FACTUAL BACKGROUND**

The Court recites only those facts relevant to this Opinion. Petitioner pled guilty and was sentenced by the State of New Jersey for aggravated manslaughter and related offenses on October 22, 2004. Pet. 9-10, ECF No. 1. After the Appellate Division affirmed the sentence and conviction, *State v. Murphy*, No. A-0370-10T1, slip op. at 5 (N.J. Super. App. Div. Nov. 4, 2011) (ECF No. 1-9), the New Jersey Supreme Court granted certification and remanded the matter to the trial court for resentencing. *Id.* at 6. Resentencing occurred on June 16, 2006, and Petitioner did not appeal from the resentencing. *Id.*

Thereafter, on May 29, 2008, Petitioner filed for post-conviction relief ("PCR"). *Id.* Petitioner's PCR application was denied on April 1, 2009. *Id.* at 7. The PCR denial was affirmed on November 4, 2011, *id.* at 1, and the New Jersey Supreme Court declined certification on April 9, 2012. Order of New Jersey Supreme Court, Apr. 9, 2012, ECF No. 1-13. On May 24, 2012, Petitioner filed the instant Petition, which was dated May 23, 2012. The case was transferred from Judge Joel A. Pisano to the undersigned on March 10, 2015. Text Order, Mar. 10, 2015, ECF No. 41.

## II.   DISCUSSION

Title 28, Section 2244 of the U.S. Code requires that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In most cases and in this particular case, the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Based on the statutory language, the Supreme Court held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA one-year limitations period starts to run when the time for seeking such review expires. *Gonzalez v. Thaler*, 132 S.Ct. 641, 653 (2012); *Clay v. United States*, 537 U.S. 522, 532 (2003); *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *2 (D.N.J. May 1, 2009) (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other

2

words, while a valid state post-conviction review is pending, the one-year limitations period is tolled. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)). Overall, "AEDPA's limitation period 'does not set forth an inflexible rule requiring dismissal whenever its clock has run.'" *Id.* at 84-85 (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Rather, the limitations period is subject to both statutory and equitable tolling. *Id.* at 85.

Even if the statutory time bar has passed, Petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Gibbs*, 2009 WL 1307449 at *3. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs*, 2009 WL 1307449, at *3 (internal citations omitted).

"The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the

3

'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

Here, Respondents argue that the Petition is time-barred by AEDPA's statute of limitations. (ECF No. 19 at 34.) The Court agrees. As stated above, after Petitioner was resentenced on June 16, 2006, Petitioner did not appeal the resentencing, so Petitioner's conviction and sentence were final, for the purposes of AEDPA's statute of limitations, at the expiration of time to file such an appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Under New Jersey court rules, Petitioner had 45 days to appeal his resentencing, *see* N.J. Court Rules, R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011), so his conviction and sentence became final on July 31, 2006, which started his one-year limitations period.

Petitioner then filed a PCR application on May 29, 2008, more than a year after his final conviction and sentence, and after his AEDPA limitations period had expired. Because Petitioner's limitations period expired before the filing of his PCR application, there is no statutory tolling to apply to Petitioner's PCR review. As such, the Petition is statutorily out-of-time. Since Petitioner makes no arguments for equitable tolling, the Court finds that the Petition is time-barred by AEDPA.[1]

### III.   Certificate of Appealability

Finally, the Court denies a certificate of appealability ("COA"). AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a

---

[1] Petitioner made two requests to file a traverse, in which he could have responded to Respondents' timeliness arguments, *see* Letter from Pet., June 17, 2014, ECF No. 34, Letter from Pet., Aug. 28, 2014, ECF No. 37, and which Judge Pisano allowed. Order, Nov. 14, 2014, ECF No. 38. Thereafter, Petitioner responded by stating that he did not wish to file a traverse. *See* Letter from Pet., Dec. 10, 2014, ECF No. 40. Consequently, the Court construes Petitioner's response as an admission that no equitable tolling argument can be made.

judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.

## IV.  CONCLUSION

For the reasons set forth above, the Petition is DENIED as time-barred.

/s/ Michael A. Shipp
Michael A. Shipp, U.S.D.J.

Dated: 9/2/15